KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
 Attorney for Plaintiff,
PATRICIA HUFFMON

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA HUFFMON, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>MURCHISON & CUMMING LLP, an unknown corporation doing business in California and Nevada; ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive, <br><br>　　　　Defendants. | **PLAINTIFF'S COMPLAINT** <br>**(Jury Demanded)** |

COMES NOW PLAINTIFF, Patricia Huffmon, and complains of Defendant, MURCHISON & CUMMING LLP (hereinafter "Defendant" or "Murchison & Cumming"), as follows:

## JURISDICTION AND VENUE

1.　　This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Patricia Huffmon. This action comes under a variety of state and federal statutes prohibiting discrimination and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2.　　Plaintiff's ("Huffmon," or "Plaintiff") statutory claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, ("1991 Civil Rights Act"); Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended; 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act of 1938, as amended; 29 U.S.C. § 201 *et seq.* and, the Nevada anti-discrimination statute, N.R.S. § 613.310 *et seq.*

1

3. This action includes claims arising under the laws of the State of Nevada which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a). Ms. Huffmon, the Plaintiff, asserts she was harassed, treated differently, subjected to a hostile work environment, demoted and ultimately terminated from her employment because of her race (African American) and her age (60).

4. Ms. Huffmon filed her Charge of Discrimination with the Nevada Equal Rights Commission (NERC) and the U.S. Equal Employment Opportunity Commission (EEOC) and signed her Charge of Discrimination on May 1, 2007, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. Ms. Huffmon received a copy of the "Right to Sue" notice dated September 25, 2007 based upon the charge, and therefore fulfilled all jurisdictional requirements for the filing of this suit.

5. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

6. Plaintiff, Ms. Huffmon, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant, Murchison & Cumming, from December 3, 1979 through October 20, 2006.

7. Defendant Murchison & Cumming is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Murchison & Cumming was engaged in an industry affecting commerce or in the production of goods for commerce. Murchison & Cumming is licensed to do business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

8. As an employer in Nevada with over 15 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, Murchison & Cumming is required to comply with all state and federal statutes which prohibit harassment, discrimination because of race and age.

9. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for

2

1  or who directed or assisted in the wrongful actions of the named Defendants, or who may be individual
2  officers or employees of the named Defendants. The true identities of the DOE Defendants and ROE
3  CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X,
4  inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for the damages or
5  injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or
6  employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and
7  ROE Defendants I-X, inclusive, are revealed to Plaintiff.

## FACTS

10. Ms. Huffmon, an African American female, began her employment with Murchison & Cumming on December 3, 1979 as a legal secretary. She was 33 years of age at that time. Ms. Huffmon successfully performed her duties and responsibilities and received positive performance evaluations.

11. Beginning in or about September 2006 and continuing throughout the duration of her employment, James Carraway, a partner in the law firm of Murchison & Cumming, began a pattern of harassment and discrimination based upon Ms. Huffmon's race and age that created a hostile work environment for Ms. Huffmon.

12. On or about September 15, 2006, Mr. Carraway stated in a meeting in which Ms. Huffmon and two other Defendant employees were present, that he watched the Discovery Channel and saw an old orangutang that reminded him of Ms. Huffmon.

13. On or about September 19, 2006 and September 21, 2006, respectively, Mr. Carraway wrote two e-mails that contained words to the effect that Ms. Huffmon was a drunk, incompetent, that she had a poor attitude, was insubordinate, and that she "is either fired or she becomes the most expensive indexing clerk in the Legal Profession," among other extremely negative statements about her. Other e-mails referred to Ms. Huffmon as being old. These e-mails were sent over the office system, making them public to all Murchison & Cummings employees.

14. On October 20, 2006, Mr. Carraway discharged Ms. Huffmon from her employment with Murchison & Cumming for alleged inferior work product. She was replaced by a younger, white female.

///
///

15. Ms. Huffmon contends that her termination from her employment was a pretext for race and age discrimination.

### FIRST CAUSE OF ACTION
*Race Discrimination Under State and Federal Anti-Discrimination Statutes*

16. Plaintiff, Ms. Huffmon, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 above as if fully set forth.

17. Defendant Murchison & Cumming was aware of the conduct of its management employees and/or employees in engaging in harassing or discriminatory conduct toward Ms. Huffmon.

18. Defendant Murchison & Cumming, as employer, knew or should have known of its long-standing obligation to maintain a workplace free of harassment and discrimination based on race.

19. Defendant Murchison & Cumming failed to take reasonably adequate steps to prevent race discrimination and harassment in its workplace.

20. Defendant Murchison & Cumming failed to institute effective institutional policies to remedy complaints about conduct which might constitute discrimination based on race, including harassment.

21. Defendant Murchison & Cumming discriminated against Ms. Huffmon based on her race in that she was subjected to different terms and conditions of employment and was subjected to harassment in the form of (including but not limited to) name calling in front of co-workers, negative statements placed in office e-mails, and alleged employment performance deficiencies. Following her termination from employment, she was replaced by a younger, white woman.

22. Ms. Huffmon has suffered serious mental distress as result of this unlawful discrimination.

23. The above-described acts of Murchison & Cumming are wanton, willful, malicious and done with a conscious disregard for Ms. Huffmon's federally protected rights. Ms. Huffmon has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

24. It has been necessary for Ms. Huffmon to retain the services of an attorney and she should be compensated therefor.

///

4

## SECOND CAUSE OF ACTION
### *Age Discrimination Under State and Federal Anti-Discrimination Statutes*

25. Plaintiff, Ms. Huffmon, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 above as if fully set forth.

26. Defendant Murchison & Cumming was aware of the conduct of its management employees and/or employees in engaging in harassing or discriminatory conduct toward Ms. Huffmon based upon her age.

27. Defendant Murchison & Cumming, as employer, knew or should have known of its long-standing obligation to maintain a workplace free of harassment and discrimination based on age.

28. Defendant Murchison & Cumming failed to take reasonably adequate steps to prevent age discrimination and harassment in its workplace.

29. Defendant Murchison & Cumming failed to institute effective institutional policies to remedy complaints about conduct which might constitute discrimination based on age, including harassment.

30. Defendant Murchison & Cumming discriminated against Ms. Huffmon based on her age in that she was subjected to different terms and conditions of employment and was subjected to harassment in the form of (including but not limited to) name calling in front of co-workers, negative statements placed in office e-mails, and alleged employment performance deficiencies. Following her termination from employment, she was replaced by a younger, white woman.

31. Ms. Huffmon has suffered serious mental distress as result of this unlawful discrimination.

32. The above-described acts of Murchison & Cumming are wanton, willful, malicious and done with a conscious disregard for Ms. Huffmon's federally protected rights. Ms. Huffmon has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

33. It has been necessary for Ms. Huffmon to retain the services of an attorney and she should be compensated therefor.

///

///

## THIRD CAUSE OF ACTION

### *Injunctive Relief*

34. Plaintiff, Ms. Huffmon, repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 above as if fully set forth.

35. That pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Ms. Huffmon seeks injunctive relief requiring that Murchison & Cumming reinstate her employment with full restoration of seniority and benefits; correct its past discriminatory practices; and take appropriate steps to ensure that all employees are afforded a workplace free of unlawful sex discrimination, including sexual harassment based on sex/pregnancy.

36. Plaintiff seeks injunctive relief from this Court requiring Murchison & Cumming to take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and institute effective educational and prevention programs to prevent or remedy conduct which might constitute discrimination based on sex/pregnancy and retaliation; and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of race and age discrimination against Ms. Huffmon.

37. The above-described acts of Defendant Murchison & Cumming are wanton, willful, malicious and done with a conscious disregard for Ms. Huffmon's federally protected rights. Ms. Huffmon has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

## FOURTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress*

38. Plaintiff, Ms. Huffmon, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37 above as if fully set forth.

39. The aforementioned actions of the Defendant Murchison & Cumming, in addition to being illegal, constitute extreme and outrageous conduct and were performed with the intent or reasonable knowledge or reckless disregard that such actions would cause severe emotional harm and distress to Plaintiff Huffmon, and did in fact cause such harm.

///

6

40. The other Defendants(Defendants Doe/Roe) authorized and/or ratified the conduct of Defendants by failing to take measures to prevent further recurrences.

41. The aforementioned conduct of the other Defendants is extreme and outrageous and was performed with the intent or reasonable knowledge or reckless disregard that such actions would cause severe emotional harm to the Ms. Huffmon, and did in fact cause such harm.

42. As a result, Ms. Huffmon has suffered damages and she is entitled to recover compensatory and punitive damages related thereto.

43. It has been necessary for Ms. Huffmon to retain the services of an attorney and she should be compensated therefor.

## FIFTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress*

44. Plaintiff, Ms. Huffmon, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 above as if fully set forth.

45. Defendant Murchison & Cumming owed a duty to exercise due care not to subject Ms. Huffmon to foreseeable risk of mental, emotional, and/or physical injury, and Defendant Murchison & Cumming knew or reasonably should have known that such acts and/or omissions of Defendant Murchison & Cumming as herein alleged, were likely to result in mental, emotional and/or physical injury to Ms. Huffmon.

46. Defendant Murchison & Cumming, while engaging in the aforementioned conduct, did negligently inflict extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Ms. Huffmon.

47. As a direct and proximate result of the Defendant Murchison & Cumming's negligent infliction of such emotional distress, Ms. Huffmon has suffered damages and she is entitled to recover compensatory damages and other damages related thereto.

48. It has been necessary for Ms. Huffmon to retain the services of an attorney and she should be compensated therefor.

///

///

7

WHEREFORE, Plaintiff Patricia Huffmon prays for the following relief:

1. A trial by jury on all issues;
2. All employment-related losses including but not limited to back pay, front pay, benefits, and commissions subject to proof;
3. All compensatory, special and general damages allowed by law;
4. Injunctive relief, including reinstatement, as set forth above;
5. Attorneys' fees and costs of suit incurred herein;
6. Prejudgment interest;
7. Punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct; and
8. For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 20th day of December, 2007.

By: _____
KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Attorney for Plaintiff,
Patricia Huffmon

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>0501070220L<br>34B-2007-00833 |
|---|---|---|

Nevada Equal Rights Commission                                    and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Patricia Huffmon | Home Phone (Incl. Area Code) | Date of Birth<br>09-01-1946 |
|---|---|---|

Street Address

City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>MURCHISON & CUMMING | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(702) 920-2300 |
|---|---|---|

Street Address                    City, State and ZIP Code
2965 S. Jones Blvd., Suite B, Las Vegas, NV 89146

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2006    Latest: 10-20-2006

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe that I was discriminated against because of my race, Black and age, 60. On or about September 2006 through October 20, 2006, I was subjected to a hostile work environment. On or about October 20, 2006, I was discharged. I filed my complaint with the Nevada Equal Rights Commission on April 13, 2007.

On or about December 3, 1979, I was hired.

On or about September 2006 through October 20, 2006, James Carraway, Partner subjected me to a hostile work environment. On or about September 15, 2006, during a staff meeting, Mr. Carraway stated that he had been watching the Discovery Channel, and saw an orangutan and it reminded him of me. The comment was meant to infer a negative image of people of color. This comment was especially painful, in that I was the only Black employee, in the Las Vegas office.

On October 20, 2006, Carraway discharged me for alleged inferior work product. Prior to my discharge, I did not receive any evaluations or disciplinary actions, which would indicate that the Respondent was not satisfied with my performance. A younger white female replaced me.

I was discriminated against because of my race, Black and age, 60, in violation of Title VII of the Civil Rights Act of 1964, as amended; The Age Discrimination in Employment Act (ADEA); and Nevada State Law.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

May 01, 2007
Date                         Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)